UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jason A. Czekalski

   v.   Civil No. 17-cv-064-JL

Michael A. Zenk, Warden,
New Hampshire State Prison

### REPORT AND RECOMMENDATION

Before the court in connection with this petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254, is petitioner Jason A. Czekalski's motion (Doc. No. 7) for a preliminary injunction to prevent the seizure of Czekalski's legal materials. The district judge referred that motion to the magistrate judge for issuance of a report and recommendation. See Feb. 9, 2018 Order (Doc. No. 8). A hearing on the motion for a preliminary injunction was held on February 23, 2018, at which petitioner appeared pro se, respondent appeared through counsel, and evidence was presented through offers of proof.

### Discussion

**I.  Preliminary Injunction Standard**

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits," of the claims in his action, "that he is likely to suffer irreparable

harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). The burden of proof is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

## II. Likelihood of Success

> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)). Where a habeas petitioner "seeks relief unrelated to his habeas petition," the court generally "does not have jurisdiction to consider such claims as part of a habeas petition." Kyricopoulos v. Murphy, No. 16-cv-12431-IT, 2017 U.S. Dist. LEXIS 46643, at *4, 2017 WL 1190376, at *2 (D. Mass. Mar. 29, 2017); see also Gray v. Zenk, No. 15-cv-508-LM, 2017 WL 3595512, at *2-*3, 2017 U.S. Dist. LEXIS 134157, at *5-*6 (D.N.H. Aug. 1, 2017) (request for injunctive relief to prevent prison officials from withholding or destroying petitioner's legal materials is not properly considered in habeas action), R&R approved, 2017 WL 3601231,

2017 U.S. Dist. LEXIS 132995 (D.N.H. Aug. 18, 2017).

Czekalski's request for a preliminary injunction seeks relief on a prison conditions claim that is not properly granted in this § 2254 petition.  As such, petitioner cannot demonstrate that he is likely to succeed on the merits of that civil rights claim in this case.  Accordingly, the motion for a preliminary injunction (Doc. No. 7) should be denied, without prejudice to petitioner's ability to litigate issues relating to restrictions on his access to legal materials, and to seek injunctive relief on those issues, in a civil rights action under 42 U.S.C. § 1983.  In addition, the February 9 Order (Doc. No. 8) should be vacated, in part, to the extent it concerns respondent's seizure of Czekalski's legal materials.

## Conclusion

For the foregoing reasons, the district judge should deny the motion for a preliminary injunction (Doc. No. 7), without prejudice to petitioner's ability to litigate and seek such relief on the underlying prison conditions claim in a civil rights action, and the February 9 Order (Doc. No. 8) should be vacated to the extent consistent with this Report and Recommendation.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 2, 2018

cc: Jason A. Czekalski, pro se
　　 Francis Fredericks, Esq.
　　 Elizabeth Woodcock, Esq.