## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Jason A. Czekalski

     v.                                        Civil No. 17-cv-064-JL

New Hampshire State Prison Warden


### REPORT AND RECOMMENDATION

Before the court, in this § 2254 petition, is petitioner
Jason Czekalski's motion for a preliminary injunction (Doc. No.
22).  Czekalski seeks an order requiring prison officials to
desist from interfering with his access to a third party,
Attorney Katherine Maggi, who is in an "exploratory phase" of an
attorney-client relationship with Czekalski, see July 12, 2019
Aff. of Katherine Maggi ¶ 15 (Doc. No. 26, at 2).  Czekalski
seeks an order directing that he have access to Attorney Maggi
"under the same terms and conditions he would be allowed access
to any other licensed attorney," June 19, 2019 Mot. for Prelim.
Inj. (Doc. No. 22, at 2).  The motion for a preliminary
injunction, to which respondent objects, see July 1, 2019 Obj.
to Mot. for Prelim. Inj. (Doc. No. 23), has been referred to the
undersigned magistrate judge for a report and recommendation.[1]

_____

[1]Czekalski has filed the same motion for a preliminary
injunction in each pending case that he has filed in the
District of New Hampshire.  See Mot. Prelim. Inj., Czekalski v.
N.H. State Prison Warden, No. 17-cv-577-JL (D.N.H.) (ECF No.
59); Czekalski v. N.H. Dep't of Corr. Comm'r, No. 18-cv-592-PB

See June 19, 2019 Order.


## Discussion

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  The likelihood of success is the "'sine qua non of th[e] four-part inquiry.'" Shurtleff v. City of Bos., 928 F.3d 166, 171 n.3 (1st Cir. 2019) (citation omitted).  The burden of proof is on the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

This is the second time in this case that Czekalski has requested a preliminary injunction relating to the conditions of his confinement.  For reasons stated in connection with the court's denial of his first such request, his prison conditions claims do not fall within the core of this court's habeas jurisdiction; and his habeas petition is not the proper forum for obtaining the injunctive relief he seeks on those claims.

---

(D.N.H.) (ECF No. 46); Czekalski v. N.H. Dep't of Corr. Comm'r, No. 19-cv-121-LM (D.N.H.) (ECF No. 3).  Each of those motions has been referred to the undersigned magistrate judge for a report and recommendation.

See Czekalski v. Zenk, No. 17-cv-064-JL, 2018 WL 1787945, at *1, 2018 U.S. Dist. LEXIS 63629, at *2-3 (D.N.H. Mar. 2, 2018) (Doc. No. 11) (recommending denial of request for preliminary injunction to enjoin seizure of Czekalski's legal materials, as that request is not properly considered in habeas action (citing cases)), R&R approved, 2018 WL 1787931, 2018 U.S. Dist. LEXIS 62794 (D.N.H. Apr. 13, 2018) (Doc. No. 16); see also Kyricopoulos v. Murphy, No. 16-cv-12431-IT, 2017 U.S. Dist. LEXIS 46643, at *4, 2017 WL 1190376, at *2 (D. Mass. Mar. 29, 2017).  This court's disposition of the instant motion should be the same as its disposition of that prior, analogous request. Accordingly, the instant motion (Doc. No. 22) should be denied without prejudice to petitioner's ability to litigate and seek relief in a civil rights action under 42 U.S.C. § 1983.

## Conclusion

For the foregoing reasons, the district judge should deny the motion for a preliminary injunction (Doc. No. 22), without prejudice to petitioner's ability to litigate and seek relief in a civil rights action.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections within the specified time waives the right to

appeal the district court's order.   See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

August 8, 2019

cc:   Jason A. Czekalski, pro se
      Elizabeth C. Woodcock, Esq.