UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jason A. Czekalski

     v.                     Case No. 17-cv-64-JL

N.H. State Prison Warden

**REPORT AND RECOMMENDATION**

Petitioner, Jason A. Czekalski, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is Mr. Czekalski's Response (Doc. No. 42) to the April 22, 2021 Order (Doc. No. 41), which directed him either to delete Claims 8(a)-(c) and 9, or move to stay the petition to exhaust those claims, as state corrective processes appeared to be unexhausted as to those claims.

Claims 8(a)-(c) and 9 have been identified by this court as follows:

> 8.   Mr. Czekalski's conviction violated his Sixth Amendment right to the effective assistance of appellate counsel in his direct appeal and his Fourteenth Amendment right to due process, in that:
>
> >  a.   appellate counsel refused to consult with and respond to Mr. Czekalski;
> >
> > b.   appellate counsel did not pursue all valid appealable issues; and
> >
> > c.   appellate counsel made statements to the New Hampshire Supreme Court ["NHSC"] for counsel's

       own benefit that were false or misleading and detrimental to Mr. Czekalski's interests.

9.    The NHSC, in Mr. Czekalski's direct appeal of his conviction, failed to follow its own rules by failing to perform a meaningful inquiry into his complaints about appellate counsel, in violation of Mr. Czekalski's Fourteenth Amendment right to due process.

Mr. Czekalski has conceded that Claims 8(a)-(c) are unexhausted. See Response (Doc. No. 42). Aware that, under 28 U.S.C. § 2244(b), he would forego the ability to litigate the deleted claims here and in a future successive petition, he asks the court to delete those claims, so that his remaining claims may proceed. Accordingly, consistent with Mr. Czekalski's request, the district judge should deem Claims 8(a)-(c) to be deleted from the petition and dismissed as moot.

As to Claim 9, Mr. Czekalski has qualified his request to have Claim 9 deleted from the petition upon this court first finding that Claim 9 is unexhausted. See Response (Doc. No. 42). He argues that there is no higher state court in which he could litigate his claim that the NHSC violated his Fourteenth Amendment right to due process. Assuming without deciding that the NHSC is the only state court that could decide whether the petitioner's due process right has been violated in the manner alleged, the district court should nevertheless find Claim 9 to be unexhausted as petitioner has not demonstrated that he placed Claim 9 before the NHSC, "in such a way as to make it probable

that a reasonable jurist would have been alerted to the existence of the federal question," Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation and internal quotation marks omitted), regarding the NHSC's alleged violation of his due process rights, and he has not shown that he would be procedurally barred from litigating that claim in the NHSC at this time.  See Apr. 22, 2021 Order (Doc. No. 41) (discussing exhaustion requirement as applied to Claims 8(a)-(c) and 9).  Then, upon finding that claim to be unexhausted, the district judge should also deem Claim 9 to be deleted from the petition and dismissed as moot, consistent with Mr. Czekalski's request.  See Response (Doc. No. 42).

## Conclusion

For the foregoing reasons, the district judge should: (1) deem Claims 8(a)-(c) to be deleted from the petition and dismissed as moot; and (2) find Claim 9 to be unexhausted and then deem Claim 9 to be deleted from the petition and dismissed as moot.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's

order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 19, 2021

cc: Jason A. Czekalski, pro se
 Elizabeth C. Woodcock, Esq.